THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

* * * * *

UNITED STATES OF AMERICA    *   6:18-CR-63-JDK-JDL-3
                          *   Tyler, Texas
vs.                       * 
                          *   10:13 a.m. - 10:39 a.m.
SURI SURAI RIVERA-ZUNIGA    *   April 2, 2019

* * * * *

**CHANGE OF PLEA HEARING**

BEFORE THE HONORABLE JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

* * * * *

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

1    **APPEARANCES:**

2    For the Plaintiff:

3         MR. ROBERT A. WELLS
          **U.S. Attorney's Office**
4         110 College Avenue
          Suite 700
5         Tyler, TX 75702

6    For the Defendant:

7         MR. TAB E. LAWHORN
          **Findlay Craft, P.C.**
8         102 N. College Avenue
          Suite 900
9         Tyler, TX 75702

10   Court Interpreter:

11        L. GARCIA

12   Courtroom Deputy:

13        SHARON BAUM

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2              10:13 A.M. - APRIL 2, 2019

 3          THE COURT:  Ms. Baum, you may call the case.

 4          DEPUTY CLERK:  The Court calls Case

 5  6:18-CR-63, United States of America vs. Suri Surai

 6  Rivera-Zuniga.

 7          THE COURT:  Announcements.

 8          MR. WELLS:  Bob Wells for the Government, Your

 9  Honor.  We are ready to proceed.

10          MR. LAWHORN:  Tab Lawhorn for the Defendant

11  Zuniga.  We are ready to proceed, Your Honor.

12          THE COURT:  All right.  And Mr. Lawhorn, I

13  understand your client intends to enter a plea of

14  guilty today to Count One of the Superseding Indictment

15  pursuant to a Written Plea Agreement?

16          MR. LAWHORN:  Indeed, Your Honor.  And we

17  have an interpreter available, as the Court is aware.

18  Just as a preliminary matter, my client does understand

19  English quite well.  Occasionally, there is maybe a

20  word or a phrase that she doesn't understand.  We're

21  requesting the Court consider to allow us just to go

22  through the hearing with English, but with an

23  interpreter that for the record is available for

24  interpretation if she should need it.

25          THE COURT:  All right.  Yes, we do have
```

1  Mr. Garcia, who is the Eastern District Staff

2  Interpreter, on the phone and Ms. Zuniga is listening

3  to that.

4              So, Ms. Zuniga, I just want you to know

5  that that's fine, we'll conduct things in English.  But

6  if you feel that you need to talk to Mr. Garcia, if he

7  needs to explain something further, or you need to ask

8  him a question, you are free to do that, okay?

9          DEFENDANT RIVERA-ZUNIGA:  Thank you, Your

10  Honor.

11          THE COURT:  Also, if you'd like to talk to

12  Mr. Lawhorn as we go through this proceeding privately,

13  you can also do that, okay?

14              All right.  Well, Ms. Zuniga, let me first

15  ask you -- or let me place you under oath so I can ask

16  you some questions.  So, if you'd please raise your

17  right hand, Ms. Baum is going to swear you in.

18          DEPUTY CLERK:  You do solemnly swear that the

19  testimony you will give in this case now in hearing

20  will be the truth, the whole truth, and nothing but the

21  truth, so help you God?

22          DEFENDANT RIVERA-ZUNIGA:  The whole truth,

23  yes, Your Honor.

24          THE COURT:  Basically, you swear that you're

25  going to tell the truth?

 1          DEFENDANT RIVERA-ZUNIGA:  I swear to tell the

 2  truth.

 3          THE COURT:  Okay.  All right.  Well,

 4  Ms. Zuniga, now that you're placed under oath, let me

 5  ask you this:  Do you understand that if you answer any

 6  questions I ask of you today falsely, those answers

 7  could later be used against you in a prosecution for

 8  perjury or making a false statement?

 9          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

10          THE COURT:  All right, now, has Mr. Lawhorn

11  explained to you that you have the right to have your

12  plea of guilty taken by a United States District Judge?

13          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

14          THE COURT:  Is it your desire to waive your

15  right to proceed before a District Judge and have your

16  plea taken by me, a United States Magistrate Judge?

17          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

18          THE COURT:  Now, do you understand that your

19  plea is subject to approval and final acceptance by a

20  District Judge and sentencing will be conducted by a

21  District Judge?

22          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

23          THE COURT:  All right, I have a form, then,

24  that I want you to look at with your attorney, and this

25  form is just indicating to me in writing your agreement

1    to have me take your plea.  So, as I say, look that

2    over, and if you need Mr. Garcia to translate that for

3    you over the phone, that can occur.  So, if you'd like

4    to consent, you can sign that.

5            DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

6            *[Pause]*

7            MR. WELLS:  Your Honor, let the record reflect

8    that the consent received has been duly executed by the

9    defendant and her counsel and is being tendered to the

10   Government for their inspection and execution.  This

11   document was just translated from English to Spanish

12   verbatim by the translator today.

13           MR. LAWHORN:  We signed it and approved it,

14   Your Honor.

15           THE COURT:  Fine, thank you.  The Consent Form

16   will be filed with the Court.

17               Now, Ms. Zuniga, I'm now going to ask you

18   a few questions to give me a little bit of background

19   information.  So if you could tell me your full name.

20           DEFENDANT RIVERA-ZUNIGA:  Suri Surai

21   Rivera-Zuniga.

22           THE COURT:  And how old are you?

23           DEFENDANT RIVERA-ZUNIGA:  I'm 24.

24           THE COURT:  And how far did you go in school?

25           DEFENDANT RIVERA-ZUNIGA:  To ninth grade.

 1             THE COURT:  Okay.  You can read and write,

 2 though; right?

 3             DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

 4             THE COURT:  Ms. Zuniga, have you ever been

 5 treated for any mental illness?

 6             DEFENDANT RIVERA-ZUNIGA:  No, Your Honor.

 7             THE COURT:  Are you currently under the

 8 influence of any medication?

 9             DEFENDANT RIVERA-ZUNIGA:  No, Your Honor.

10             THE COURT:  All right, have you felt as though

11 you've understood what has happened in your case

12 leading up to today?

13             DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

14             THE COURT:  Do you also feel that you're

15 understanding what you're doing here today in court?

16             DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

17             THE COURT:  All right.  Mr. Lawhorn, let me

18 turn to you now and ask if you believe the defendant

19 does possess the requisite mental and intellectual

20 capacity to understand the proceedings and to enter a

21 knowing and voluntary plea of guilty?

22             MR. LAWHORN:  I do indeed, Your Honor, and she

23 does.

24             THE COURT:  And Mr. Lawhorn, you just kind of

25 characterized Ms. Zuniga's English proficiency and, of

1  course, we've been noted how we're proceeding today.

2  But in your representation, would you characterize it,

3  as you did previously, that Ms. Zuniga has a high level

4  of English proficiency?  How is that ultimately gone in

5  your mind?

6          MR. LAWHORN:  Yes, Your Honor.  Really, since

7  the initial appearance, at the initial appearance when

8  I was first appointed on the case, Your Honor, there

9  was an interpreter, as we have here today, that was

10  present for those proceedings.  Ms. Zuniga and myself

11  were able to communicate quite effectively in English

12  through the visits that I had at the Upshur County

13  Jail, which were multiple visits.  She asked

14  intelligent questions regarding her case that led me

15  to believe that she understood a lot of some of the

16  technical aspects of the discovery and also the law as

17  it pertained to the consequences of this particular

18  crime that she was involved in.

19          The only issues that we had were really

20  super technical terms that were really contained in the

21  plea documents.  It really wasn't until we got to that

22  part of the process in which I needed assistance.

23  Ms. Zuniga understood the Plea Agreement as we went

24  over it together just in English.  She led me to

25  believe that she was quite proficient in understanding

1   fully the intent of the Plea Agreement, the scope of

2   the Plea Agreement, and what she was pleading to.

3            However, in the factual resume', because

4   the factual resume' mimicked some of the information

5   contained in the discovery, the very specific factual

6   resume' I might add, we did want that translated,

7   particularly a translator available for her to answer

8   questions.  We certified at the end of that factual

9   resume' that the document was translated from English

10  to Spanish verbatim, also with my comments through

11  whatever translated from English to Spanish.

12           So I feel quite confident that Ms. Zuniga

13  is able to competently proceed with the change of plea.

14  I believe that the documents that she reviewed, she had

15  a full understanding of them.  The language barrier, in

16  my opinion, was quite minimal, again only through the

17  use of maybe the assistance of maybe a word or two,

18  which we were able to get through.

19           And the Court certainly can, to its own

20  pleasure, ask Ms. Zuniga about her -- if that's the way

21  she felt, but I believe that I've accurately summarized

22  her competency.

23          THE COURT:  All right.  So, Ms. Zuniga, let

24  me ask you, have you felt as though, in the English to

25  Spanish communication, that you felt as though you've

1  understood and been able to ask questions and get the

2  answers that you needed during the course of this case?

3          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

4          THE COURT:  Okay.  And are you satisfied with

5  Mr. Lawhorn's representation?

6          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

7          THE COURT:  And you did receive a copy of the

8  Indictment; is that right?

9          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

10          THE COURT:  Did you go over the Indictment and

11  the facts of your case with Mr. Lawhorn?

12          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

13          THE COURT:  And after going over all that with

14  him, is it your desire now to plead guilty?

15          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

16          MR. LAWHORN:  And just to clarify, Your Honor,

17  there was a Superseding Indictment.  We went over both,

18  Your Honor.

19          THE COURT:  All right.  Well, as to that

20  Superseding Indictment, Ms. Zuniga, I can have the

21  Government read that to you at this point or you can

22  waive it if you feel as though you've had it read to

23  you and translated and you don't need it read.

24  Whatever you'd like to do.

25          DEFENDANT RIVERA-ZUNIGA:  I would like to

1  waive it.

2          THE COURT:  You want to waive it, okay.

3              Well, as I noted, Ms. Zuniga, at the

4  outset of the hearing, I understand you intend to plead

5  guilty today to Count One of the Superseding Indictment.

6  Now, this count charges you with a violation of Title

7  21, United States Code, Section 846, which is conspiracy

8  to possess with intent to distribute methamphetamine.

9  Now, do you understand that's what you're charged with

10  in Count One of the Superseding Indictment?

11          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

12          THE COURT:  Now, the range of punishment for

13  that offense is imprisonment for a period not less

14  than 10 years or more than life, a fine not to exceed

15  $10 million, a term of supervised release of at least

16  five years, which may be mandatory and will follow any

17  term of imprisonment, a mandatory Special Assessment of

18  $100, forfeiture of property involved in or traceable

19  to the criminal offense, and costs of incarceration and

20  supervision.

21              Now, do you understand that's the range of

22  punishment for this offense?

23          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

24          THE COURT:  All right, I'm going to turn at

25  this point to the Plea Agreement Addendum, which has

1    been presented to me today under seal.

2              And Mr. Lawhorn, have you reviewed the

3    contents of the Addendum with your client?

4         MR. LAWHORN:  I have indeed, Your Honor.

5         THE COURT:  And Ms. Zuniga, do you have any

6    questions or concerns about the contents of the Plea

7    Agreement Addendum?

8         DEFENDANT RIVERA-ZUNIGA:  No, Your Honor.

9         THE COURT:  All right, then at this point I'm

10   going to ask Mr. Wells if he'll summarize the Plea

11   Agreement.

12        MR. WELLS:  Yes, Your Honor.  According to

13   the Plea Agreement, the defendant will plead guilty to

14   Count One of the Superseding Indictment, which charges

15   her with a violation of 21 United States Code, Section

16   846, which is conspiracy to possess with intent to

17   distribute methamphetamine.

18              Defendant faces a sentence of not less

19   than 10 years to life, a fine not to exceed $10

20   million, or both, a term of supervised release of at

21   least five years, and a $100 Special Assessment.

22              The parties in the Plea Agreement

23   stipulate to the following:

24              Because the offense involved at least 1.5

25   kilograms, but less than 4.5 kilograms of

methamphetamine, the Base Offense Level pursuant to
United States Sentencing Guidelines Section 2D1.1(c)(2)
is Level 36.

Because an adjustment under Section
3B1.2(b) applies, the Base Offense Level is then
reduced by three levels to 33 pursuant to Section
2D1.1(a)(5)(ii).

The adjustment of United States Sentencing
Guidelines Section 3B1.2(b) applies, thereby providing
for a decrease of two levels.

A three-level reduction for acceptance of
responsibility applies under Section 3E1.1 subject to
the Probation Office and continued acceptance of
responsibility.

If the defendant meets the safety valve
criteria set out in Section 5C1.2, the offense level
will be further decreased by two levels pursuant to
2D1.1(b)(18).

Defendant understands the Sentencing
Guidelines are advisory and that the Court will
determine the sentence.  And she also understands that
the Court is not bound by these stipulations in the
Plea Agreement.

Defendant agrees to forfeit $24,000 in
the form of a money judgment.  The United States agrees

 1   to not prosecute defendant for any additional non-tax

 2   related charges related to this plea.  The other

 3   remaining charges from the Superseding Indictment will

 4   be dismissed at sentencing.

 5             Defendant agrees that her plea is

 6   voluntary and defendant knowingly and voluntarily

 7   waives appeal, with the exceptions of punishment

 8   imposed in excess of the statutory maximum or a claim

 9   of ineffective assistance of counsel.

10             The Plea Agreement binds only the United

11   States Attorney's Office for the Eastern District of

12   Texas and no other potential prosecuting authority.

13             And there is, as the Court noted, a sealed

14   Plea Agreement Addendum.

15          THE COURT:  Thank you.

16             Now, Ms. Zuniga, let me ask you about this

17   Plea Agreement.  Now, first of all, are those the terms

18   of your Plea Agreement with the Government?

19          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

20          THE COURT:  Is there anything in the agreement

21   that you feel like you do not understand?

22          DEFENDANT RIVERA-ZUNIGA:  No, sir.

23          THE COURT:  Has anyone made any other promise

24   to you other than what's in this Plea Agreement in

25   exchange for your plea?

1    DEFENDANT RIVERA-ZUNIGA:  No, Your Honor.

2    THE COURT:  Has anyone attempted to force you

3    to plead guilty?

4    DEFENDANT RIVERA-ZUNIGA:  No, sir.

5    THE COURT:  Are you pleading guilty because

6    you are in fact guilty?

7    DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

8    THE COURT:  Mr. Lawhorn, you mentioned this

9    earlier, but you have fully and completely discussed

10   each term of the Plea Agreement with the defendant?

11   MR. LAWHORN:  I have indeed, Your Honor.

12   THE COURT:  All right, Ms. Zuniga, I'm going

13   to turn to some questions that center primarily around

14   paragraph 5.  And this paragraph deals with Guideline

15   stipulations.

16   And first of all, let me ask you, do you

17   realize that although the United States Sentencing

18   Guidelines, which are referred to here, they are

19   advisory to the Court, a Guideline sentence will be

20   calculated and those Guidelines may apply to your case?

21   DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

22   THE COURT:  And have you discussed the

23   application of those Guidelines with your lawyer?

24   DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

25   THE COURT:  Now, Ms. Zuniga, do you understand

1   that even though the Court -- even though you and the

2   Government have reached certain agreements regarding

3   sentencing, and I'm referring to those in paragraph 5,

4   the Court will not be able to determine your Guideline

5   sentence until after the Presentence Report has been

6   completed and then you and the Government have had an

7   opportunity to challenge the facts and the calculations

8   reported by the probation officer?

9           DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

10          THE COURT:  And what I mean by that is really

11  set forth here in paragraph 5 after the stipulations.

12  There's a sentence there that says that parties

13  understand the Court is not bound by the stipulations.

14  And you understand that?

15          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

16          THE COURT:  And you also understand that as

17  the paragraph goes on to state, that it's possible

18  there could be other characteristics or adjustments

19  that increase or decrease the appropriate sentencing

20  range?

21          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

22          THE COURT:  So, Ms. Zuniga, do you understand

23  that the sentence imposed by the Court, it could be

24  different from any estimate your attorney, the

25  Government, or the Probation Office may have given you?

1    DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

2    THE COURT:  And do you also understand that

3 even after it has been determined what Guideline

4 sentence applies, the Judge has the authority in some

5 circumstances to impose a sentence that is more severe

6 or less severe than what's called for by the Guidelines?

7    DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

8    THE COURT:  All right.  Finally here,

9 Ms. Zuniga, do you understand that if the sentence is

10 more severe than you expect, you're still bound by your

11 plea of guilty?

12    DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

13    THE COURT:  All right.  I'm going to move away

14 now from questions that revolve around sentencing and

15 I'm going to ask you some questions now that go to your

16 rights, but that you give up if you plead guilty.

17    Now, do you understand, Ms. Zuniga, that

18 you have the right to plead not guilty and to go to

19 trial on that plea?

20    DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

21    THE COURT:  Now, if you persist in your desire

22 to plead guilty, I want you to know you're waiving the

23 following rights:

24    You do have a right under the Constitution

25 and the laws of the United States to a full trial on

1   the merits before a jury.  You would be presumed to be

2   innocent and the Government would have to affirmatively

3   prove all of the elements of the charged offense beyond

4   a reasonable doubt.

5           DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

6           THE COURT:  Now, at such a trial you would

7   enjoy the right to be assisted by your attorney, the

8   right to testify on your behalf if you desired, the

9   right not to be compelled to testify if you did not

10  want to, the right to compulsory process to compel the

11  attendance of witnesses on your behalf, the right to

12  cross-examine Government witnesses, and the right to a

13  speedy and public trial.

14          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

15          THE COURT:  Do you understand by pleading

16  guilty, you are waiving and losing these rights which

17  are guaranteed by the Constitution and laws of the

18  United States?

19          DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

20          THE COURT:  All right.  I'm now going to turn

21  back to the Plea Agreement because I want to look at

22  the paragraph that deals with your appellate rights.

23  It's paragraph 11.  It's titled Waiver of Right to

24  Appeal or Otherwise Challenge Sentence.  And I want to

25  confirm with you that you realize here that you have,

1    in fact, waived your right to appeal your conviction,

2    sentence, fine, Order of Restitution, or Order of

3    Forfeiture in this case on all grounds?

4              DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

5              THE COURT:  And you've also agreed that you

6    will not contest those same things at any

7    post-conviction proceeding, including, but not limited

8    to, a proceeding under 28 U.S.C., Section 2255?

9              DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

10             THE COURT:  And finally here, do you realize

11   that you reserve the right to appeal only if there were

12   to be a punishment imposed in excess of the statutory

13   maximum, or a claim of ineffective assistance of

14   counsel, which you've also reserved the right to seek

15   collateral review of that issue?

16             DEFENDANT RIVERA-ZUNIGA:  Yes, Your Honor.

17             THE COURT:  All right, I'll now ask,

18   Mr. Wells, if you'll will read the elements of this

19   offense and establish a Factual Basis for the taking of

20   this plea.

21             MR. WELLS:  Yes, Your Honor.  The elements of

22   this offense, a violation of Title 21, United States

23   Code, Section 846, is -- the charge comprises

24   conspiracy to possess with intent to distribute and

25   distribution of 50 grams or more of actual

1  methamphetamine, a Schedule II controlled substance, in

2  violation of federal law.

3          The essential elements that must be proven

4  to establish a violation of this offense are:

5          First, that within the time frame alleged

6  in the Indictment, two or more persons directly or

7  indirectly reached an agreement to distribute and

8  posses with intent to distribute methamphetamine;

9          Second, that the defendant knew of the

10 unlawful purpose of the agreement;

11          Third, that the defendant joined in the

12 agreement willfully with the intent to further its

13 unlawful purpose;

14          The overall conspiracy involved 50 grams

15 or more of actual methamphetamine;

16          And finally, the defendant knew or

17 reasonably should have known that the scope of the

18 conspiracy involved 50 grams or more of methamphetamine.

19          If I may ask the defendant some questions

20 just to prove up the Factual Basis, Your Honor?

21          THE COURT:  Yes, you may.

22          MR. WELLS:  Okay.  First off, Ms. Suri Surai

23 Rivera-Zuniga, are you the same person identified in

24 the Superseding Indictment?

25          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

 1          MR. WELLS:  And are you the same who has

 2   signed the Plea Agreement that we've gone through with

 3   the Court earlier today?

 4          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

 5          MR. WELLS:  Okay.  Have you read the

 6   Government's Factual Basis or had it translated to you?

 7          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

 8          MR. WELLS:  And have you signed the Factual

 9   Basis?

10          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

11          MR. WELLS:  And that signed Factual Basis was

12   filed with the Court earlier today?

13          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

14          MR. WELLS:  Now, do you admit that beginning

15   in or about August 2018 that you agreed with at least

16   one other person to distribute methamphetamine in the

17   Eastern District of Texas?

18          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

19          MR. WELLS:  And do you admit that you knew

20   when you made that agreement that it was an unlawful

21   purpose to do so?

22          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

23          MR. WELLS:  But you joined that agreement --

24   do you also admit that you entered that agreement

25   willfully with the intent of carrying out the unlawful

1  purpose?

2          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

3          MR. WELLS:  And do you admit that you knew the

4  scope of the conspiracy involved at least 50 grams or

5  more of methamphetamine?

6          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

7          MR. WELLS:  And do you admit that the

8  Government could prove that the substance that you were

9  assisting to distribute through this conspiracy was, in

10 fact, methamphetamine?

11         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

12         MR. WELLS:  You also agree that the value of

13 the methamphetamine for which you were responsible

14 was -- could be valued at least $24,000?

15         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

16         MR. WELLS:  The Government will tender the

17 Factual Basis as well as defendant's testimony into the

18 record, Your Honor.

19         MR. LAWHORN:  No objection.

20         THE COURT:  All right, thank you.  The Factual

21 Basis will be admitted.

22              All right, Ms. Zuniga, let me ask first

23 of all, with regard to the elements that were read that

24 comprise this offense, about those elements, do you

25 feel as though you understand each of the elements?

1          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

2          THE COURT:  Do you also understand that these

3    are the matters the Government is required to prove

4    beyond a reasonable doubt in order to convict you of

5    this offense?

6          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

7          THE COURT:  All right, I'm going to turn then

8    to this Factual Basis, which has been presented to me

9    today.  I have reviewed and considered it and I've also

10   considered your answers to Mr. Wells' questions.

11          Now, Ms. Zuniga, first of all, about this

12   Factual Basis that I'm looking at here today, is

13   everything in it true and correct?

14         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

15         THE COURT:  And did you go over it with

16   Mr. Lawhorn?

17         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

18         THE COURT:  And did you get it translated, as

19   Mr. Lawhorn discussed earlier, into Spanish, making sure

20   you understood everything that was in there?

21         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

22         THE COURT:  And then did you sign it

23   indicating that this Factual Basis is true and correct?

24         DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

25         THE COURT:  All right, now, my next question

1  to you is, do you understand that by admitting that

2  you engaged in this conduct that's contained in this

3  Factual Basis, also in your answers to Mr. Wells, you

4  are admitting the charge against you in Count One of

5  the Superseding Indictment and waiving any defenses you

6  might have to that charge?

7           DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

8           THE COURT:  Do you also understand by

9  admitting that you engaged in this conduct, this

10  conduct is going to be evaluated in calculating your

11  appropriate sentence?

12          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

13          THE COURT:  All right.  Well, Ms. Zuniga, do

14  you feel that you've understood everything that's gone

15  on here today?

16          DEFENDANT RIVERA-ZUNIGA:  Yes, sir.

17          THE COURT:  All right, before I ask how you

18  plead, do you have any questions or need to talk to

19  Mr. Lawhorn about anything?

20          DEFENDANT RIVERA-ZUNIGA:  No, Your Honor.

21          THE COURT:  All right.  Ms. Zuniga, I'll ask

22  you, then, how do you plead to Count One of the

23  Superseding Indictment?

24          DEFENDANT RIVERA-ZUNIGA:  Guilty, Your Honor.

25          THE COURT:  The Court finds the defendant is

1   competent and capable of entering an informed plea.  I

2   further find that the defendant's plea of guilty is

3   knowingly and voluntarily made and supported by an

4   independent basis of fact containing each of the

5   essential elements of this offense.

6            Therefore, I will recommend that your

7   plea be accepted and that you be judged guilty of this

8   offense.  A Finding of Fact and Recommendation will be

9   sent to the District Judge recommending that he accept

10  my findings and your plea of guilty.

11            A Written Presentence Report will be

12  prepared by the Probation Office to assist the Judge in

13  sentencing.  You will be asked to give information for

14  the report and your attorney may be present, if you

15  wish.  The Court will permit you and your counsel to

16  read the Presentence Report before the Sentencing

17  Hearing and to make objections, if you deem necessary.

18  You and your attorney will be afforded the opportunity

19  to address the Court at the Sentencing Hearing.

20            All right, at this point let me ask

21  counsel, would you be willing to waive the objection

22  period to my recommendation?

23            Any objection to a waiver from the

24  Government?

25            MR. WELLS:  No, Your Honor.

1          THE COURT:  And the defendant?

2          MR. LAWHORN:  No objections from the defense,

3    Your Honor.

4          THE COURT:  All right, then thank you.  I will

5    send my recommendations straight-away to the District

6    Judge for adoption.

7               Anything further at this time from the

8    Government?

9          MR. WELLS:  No, Your Honor.  Thank you.

10          THE COURT:  Anything further from the

11    defendant?

12          MR. LAWHORN:  Nothing from the defense at this

13    time, Your Honor.

14          THE COURT:  All right, thank you.  The

15    defendant is remanded at this time to the custody of

16    the United States Marshals and we'll be adjourned.

17          *[10:39 a.m. - Proceedings adjourned]*

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I certify that the foregoing is a correct
transcript of the electronic sound recording of the
proceedings in the above-entitled matter.


/s/ Gwen Reed
2-26-20