## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 6:18-cr-63-JDK-JDL |
| | § | |
| SURI SURAI RIVERA-ZUNIGA (03) | § | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Suri Surai Rivera-Zuniga's third motion for compassionate release. Docket No. 180. Defendant previously moved for compassionate release on October 9, 2020 (Docket No. 176) and November 16, 2020 (Docket No. 178). The Court denied both prior motions. Docket Nos. 177, 179.

Once again, Defendant argues that because she suffers from obesity, chronic respiratory infections, and allergic rhinitis, that she is particularly susceptible to developing life-threatening complications if she contracts COVID-19 a second time. Docket No. 180 at 13. Defendant asserts that this risk represents an extraordinary and compelling justification for immediate release.

As the Fifth Circuit recently explained, the United States Sentencing Guidelines ("USSG") § 1B1.13 commentary provides guidance on the types of "extraordinary and compelling" circumstances that merit compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). The comments provide four examples of extraordinary and compelling reasons: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *Id.* (citing USSG § 1B1.13 cmt. n.1(A)–(D)). A medical condition is serious enough to warrant release only where the

defendant has either a terminal illness or a condition "that substantially diminishes the ability of the defendant to provide self-care."  *Id.* (citing USSG § 1B1.13 cmt. n.1(A).

Here, Defendant has not shown that she fits either of these categories, as the medical conditions she describes are neither terminal illnesses, nor substantially diminish her ability to provide self-care.  While Defendant's health conditions may place her at higher risk of severe symptoms should she contract COVID-19 again, that risk alone does not represent an extraordinary and compelling circumstance justifying early release.  *See Thompson*, 984 F.3d at 434.

Accordingly, because Defendant has failed to demonstrate extraordinary and compelling reasons justifying immediate release, the Court hereby **DENIES** Defendant's motion for compassionate release.

So **ORDERED** and **SIGNED** this **2nd**  day of  **February, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE